Per curiam,

it hath been the constant practice ever since tin passing of this act, that payments made in the tiine of depreciation, should discharge as muen of the debt as sue!) payments nominally amounted to. A contrary decision at this time, would revive many of the old disputes that have been settled by that rule, and produce much litigation. When payments were made in depreciated money in the time of the war, they were generally understood to he eqiu.l to the same nominal sum in the bond — both sums were equally depreciated — both the money in the bond and money paid. Had the creditor sued for his debt he could have recovered no more than as much depreciated money as numerically equalled his l^e^’ When lie received depreciated money for hi- debt pound for pound, or shilling for shilling, he received precisely what the law allowed him, and what i' would have compelled the debtor to pay. Under the laws then existing, the debtor was discharged pro tanto, according to the numerical sum ; and the act oí 1783 did not intend to lay any new charge upon the debtor to which he was not subject before, or from which he had been discharged under the operation of the tender laws, and payments made before that time — nor is it clea* the Legislature could have thus subjected him, had they been so inclined. The act of 1783, meant only to repeal the tender laws, so that they should not operate for the future. *213 not <o destroy the effect ami operation of the laws upon transactions 'hat bad nlteady taken place under them.— It mim* he admitted that a payment made in the time of the war of the whole numerical.sum due «non-a bond, is a legal diseharge of that hood, althougli tin re. 1 value of the payment was much inferior i=> die real value of the money mentioned in die bond v the time of the contract; for no instance ever occurred since the war, where such p:ymen* has been reduced by the scale- — and if the law be so in case of full payments, so it is also in case of partial ones. The case now before us is that of a full payment.. Indeed, it is not founded in justice, that the creditor shall receive the fell value ofhis money, and be exempted < niire'y from all loss by depreciation, win*., the .debtor, who perhaps procured the money, or securities foe tnoo.y, at an early period, when the currency was bn1 little, if at ail rieprei iated, intending therewith to pay off Ins debt shall !>■ allowed only the real »aluc, when he received from luc dehorn and o¡dd it to his creditor, and very likely did tins at the request of his creditor.— Depreciation vva« a consequence of ts-e war carried on, as well for the benefit of the ¿¡editor as the debtor, and he ought at least to heat a pari of this burthen. As to the argumets' drawn from die fth sec, of the act of CSd. that act st- pped the cirriiliHiou of the depreciated paper currency, and bad it nos made some provision for the cases of lenders made in the time of dcpveci¡!*io:«, tho Plaintiff wherever a legal tender hud been mude, would by the oneraiion of this act, have been barred forever.— The Defendant might have pleaded the tender with an always ruidy, and have paid the money that had been tendered into court, leaving the Plaintiff no other alternative, but to take that or join issue ; in which latter case, if the plea proved to lie true, he was bam-d. This would have been a ease of hardsldo. especially where the money fiad been refutu-d because of its great inadequacy in point of value to the contract — his hardship was prevented by Hie clause in question. ¡t says nothing of payments actually made — -it only provides against a total loss of the deb; where the Plaintiff has not received the money, and only extends tocases after a certain day when the money had bicorne greatly depretiated. m-< to cases before. It ouK ¡-laces the debtor, who hud made an unconscionable tender, in the same situation - ith one who had mudo no tender at all. But tfrs Is a very differ *214 ent tiling from a payment actually made and accepted, and understood at the time to be a discharge. But if the reason of Míe, thing be not in opposition to tiie doctrine contended for on the part of the Plaintiff, the constant practice of our courts hath-been; and we ought not to render the law uncertain by a contrary decision. — » The Plaint iff suffered a nonsuit.